IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00551-MR

| | |
|---|---|
| DERRICK DANYELL BOGER, ) ) Plaintiff, ) ) vs. ) ) ) KILOLO KIJAKAZI, Acting ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 16] and the Defendant's Motion for Summary Judgment [Doc. 18].

I.     **BACKGROUND**

On January 26, 2018, the Plaintiff, Derrick Danyell Boger ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act ("Act"), alleging an onset date of January 1, 1995. [Transcript ("T") at 107-08]. The Plaintiff's claims were initially denied on May 16, 2018, [id. at 137], and again denied upon reconsideration on July 25, 2018, [id. at 149]. On the Plaintiff's request, a hearing was held on August 26, 2019 before an Administrative Law Judge ("ALJ"). [Id. at 57, 73].

At the hearing, the Plaintiff, through his attorney, amended his alleged onset date to January 26, 2018. [Id. at 82, 240]. On October 17, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 57-66].

On July 30, 2020, the Appeals Council denied the Plaintiff's requests for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139

2

S. Ct. 1148, 1154 (2019) (internal quotation marks omitted); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional

3

investigation and explanation." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to

4

step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At

5

step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV.     THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since January 26, 2018, when the Plaintiff applied for benefits. [T. at 59]. At step two, the ALJ found that the Plaintiff had the following severe impairments: "anxiety, depression, and posttraumatic stress disorder (PTSD)." [Id.]. At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 60]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations:

6

> Unskilled work of a routine, repetitive nature performed in 2-hour segments. Work needs to be at a non-production pace (meaning non-automated, non-conveyer belt pacing), performed in a stable work setting with no public contact; frequent contact with supervisors and co-workers, but work cannot require teamwork for completion. Work should not require conflict resolution or crisis management.

[Id. at 61].

At step four, the ALJ determined that the Plaintiff had no past relevant work. [Id. at 64]. At step five, the ALJ concluded that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff was able to perform other jobs existing in significant numbers in the national economy, including warehouse worker, laundry worker II, and factory helper. [Id. at 65]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from January 26, 2018, the date the Plaintiff applied for benefits, through October 17, 2019, the date of the ALJ's decision. [Id. at 66].

## V. DISCUSSION[1]

The Plaintiff argues that "[t]he ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to incorporate limitations from CE Dr. Duszlak's opinion, which he found persuasive, without any explanation for the discrepancy." [Doc. 17 at 6].

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Social Security Ruling 96-8p explains how adjudicators should assess residual functional capacity. The Ruling instructs that the RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2] SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

The RFC represents "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.154(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets,

---

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing, or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

8

emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189. An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio, 780 F.3d at 636 (citing SSR 96-8p).

When an ALJ is evaluating medical opinions, he "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources."[3] 20 C.F.R. § 404.1520c(a). The ALJ "will articulate in [his] determination or decision how persuasive [he] find[s] all of the medical opinions" in the claimant's record. 20 C.F.R. § 404.1520c(b). The most important factors considered by the ALJ are supportability and consistency. 20 C.F.R. § 404.1520c(a). When considering an opinion's supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). When considering an opinion's

---

[3] The previous regulation governing the Social Security Administration's evaluation of medical evidence—20 C.F.R. § 404.1527—was replaced by 20 C.F.R. § 404.1520c for all claims filed on or after March 27, 2017.

9

consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). The ALJ will also consider the source's relationship with the claimant, the source's specialization, and other relevant factors, including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c).

Dr. Duszlak is a consulting examiner. [T. at 397-98]. Dr. Duszlak examined the Plaintiff on April 19, 2018 and provided a functional assessment of the Plaintiff. [Id. at 397-402]. Dr. Duszlak concluded that:

> The claimant would benefit from a payee, as he does still have psychotic symptoms [t]hat could affect his judgment in a negative way. He can do simple and repetitive tasks but may have trouble focusing effectively on detailed ones. He would potentially have a hard time dealing with coworkers and the public as a result of his paranoia and discomfort around people. He could miss work because of being uncomfortable with people. He has diminished ability to deal with stress.

[Id. at 401-02].

The ALJ acknowledged Dr. Duszlak's functional assessment of the Plaintiff, and the ALJ noted in his decision that:

> Dr. Duszlak opined the claimant can do simple and repetitive tasks but may have trouble focusing effectively on detailed ones. He would potentially have a hard time dealing with coworkers and the public as a result of his paranoia and discomfort around people. He could miss work because of being uncomfortable with people. He has diminished capacity to deal with stress (Exhibit 4F).

[Id. at 64]. The ALJ found that Dr. Duszlak's opinion was "persuasive as it is consistent with and supported by the record as a whole." [Id. at 64]. The ALJ further stated that "Dr. Duszlak has knowledge of agency regulations and she conducted a comprehensive evaluation of the claimant." [Id.].

Despite finding that Dr. Duszlak's opinion was persuasive and consistent with the record, the ALJ did not include all of functional limitations opined by Dr. Duszlak in the Plaintiff's RFC. For example, although Dr. Duszlak opined that the Plaintiff "would potentially have a hard time dealing with coworkers and the public," [id. at 401], the ALJ concluded that the Plaintiff should have "no public contact" but can have "frequent contact with supervisors and coworkers," [id. at 61]. Further, the RFC does not include any limitation related to the Plaintiff's potential absence from work as a result of his paranoia and discomfort around people or the Plaintiff's decreased ability to handle stress. [See id.]. Significantly, the ALJ's decision fails to

11

explain why limitations related to these aspects of Dr. Duszlak's functional assessment are not incorporated into the RFC.

The Defendant argues that the ALJ properly evaluated Dr. Duszlak's opinion and that the ALJ's conclusions are supported by substantial evidence because he did not rely solely on Dr. Duszlak's opinion in formulating the Plaintiff's RFC. [Doc. 19 at 5, 7]. Instead, the Defendant asserts that "[t]he ALJ also cited, and deemed persuasive, opinion evidence from State agency consultant Mark Berkowitz, Psy.D." [Id. at 7]. For instance, the ALJ cited Dr. Berkowitz's conclusion that the Plaintiff "can work in coordination with or proximity to others without being (unduly) distracted by them or exhibiting behavioral extremes and interact occasionally with the public." [T. at 64, 129]. The Defendant also seems to imply that the ALJ relied on Dr. Berkowitz's conclusion that the Plaintiff was not significantly limited in his "ability to . . . maintain regular attendance . . ." [Id. at 128; see also Doc. 19 at 8]. However, this portion of Dr. Berkowitz's opinion is not cited in the ALJ's decision. The ALJ found Dr. Berkowitz's opinion, like Dr. Duszlak's opinion, to be persuasive and consistent with the record. [T. at 64].

This, however, begs the question. Although the ALJ cited to portions of both Dr. Duszlak and Dr. Berkowitz's opinions and found that both

12

opinions were persuasive and consistent with the record, [id. at 64], the ALJ failed to explain how he then reconciled this evidence to his conclusions in the RFC. Indeed, the ALJ does nothing more than recite the conclusions of Dr. Duszlak and Dr. Berkowitz. As the ALJ's RFC assessment does not explain how he reconciled Dr. Duszlak's opinion to his ultimate conclusions, the Court is "left to guess" about how this evidence was considered.

The ALJ's decision is "sorely lacking in the analysis" necessary for the Court to meaningfully review the ALJ's conclusions. Mascio, 780 F.3d at 636-37. While the ALJ recited certain evidence in the record, "it is not sufficient for an ALJ to simply recite *what* the evidence is." Mills, 2017 WL 957542, at *4. Instead, an RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion . . ." Mascio, 780 F.3d at 636 (quoting SSR 96-8p).

A "reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions." Mills, 2017 WL 957542, at *4. As such, this matter must be remanded because the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford,

743 F.3d at 295. On remand, the ALJ's decision should include a narrative discussion of the evidence, as required by SSR 96-8p, explaining how he reconciled that evidence (both supportive and contradictory) to his conclusions.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 16] is **GRANTED,** and the Defendant's Motion for Summary Judgment [Doc. 18] is **DENIED.** Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge