# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:20-cv-00551-MR

| | |
|---|---|
| DERRICK DANYELL BOGER,     ) | |
|           ) | |
|        **Plaintiff,**    ) | |
|           ) | |
|    **vs.**        ) | **O R D E R** |
|           ) | |
| KILOLO KIJAKAZI, Commissioner   ) | |
| of Social Security,       ) | |
|           ) | |
|        **Defendant.**   ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. 24].

## I. BACKGROUND

The Plaintiff initiated this action on October 2, 2020, seeking review of the denial of his claim for benefits by the Commissioner under the Social Security Act. [Doc. 1]. The Plaintiff's Complaint was filed by Russell R. Bowling, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

The Commissioner filed an Answer to the Plaintiff's Complaint on March 1, 2021. [Doc. 13]. Thereafter, the parties filed their respective

Motions for Summary Judgment and memoranda in support thereof. [Docs. 16, 17, 18, 19, 20].

On August 16, 2022, the Court entered an Order remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 21]. On November 14, 2022, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). [Doc. 24]. Specifically, the Plaintiff seeks an award in the total amount of $8,008.03, representing 34.4 hours of work performed by his attorneys Russel R. Bowling, Howard D. Olinksy, and Mary Kate McGarigal at the rate of $203.94 to $229.05 per hour and 8.1 hours of paralegal services performed at the rate of $80.00 per hour. [See Docs. 24, 24-1]. On November 23, 2022, the Commissioner filed a Memorandum opposing the Plaintiff's request for attorney's fees. [Doc. 27]. On November 30, 2022, the Plaintiff filed a Reply to the Commissioner's Memorandum in opposition. [Doc. 28].

Having been fully briefed, this matter is ripe for disposition.

II.     DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Commissioner's position was "substantially justified or that special circumstances" would make such an

award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While conceding that the Plaintiff is a prevailing party in this action, the Commissioner argues that her position was substantially justified. [Doc. 27]. Further, the Commissioner argues that even if her position was not substantially justified, the number of hours claimed by the Plaintiff is excessive and includes tasks that are non-compensable. [Id.].[1] Accordingly, the Commissioner argues that the requested fee should not be awarded, but if awarded, should be substantially reduced. [Id.].

## A. Commissioner's Position

Having determined that the Plaintiff is the "prevailing party," the Court must award his attorney's fees and expenses unless a finding is made that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). Here, the Commissioner does not contend that any "special circumstances" exist that would make an award of fees and expenses unjust. Instead, the

---

[1] The Commissioner does not object to the 8.1 hours of paralegal services or the hourly rates sought by the Plaintiff's counsel. [See Doc. 27].

Commissioner argues that an award of fees is unwarranted because she litigated a reasonably substantiated position in defending the ALJ's decision. [Doc. 27 at 4-8].

The burden is on the Commissioner to show that her position was substantially justified. See Scarborough v. Principi, 541 U.S. at 403 ("the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'substantially justified'"); United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir.2013) ("The United States has the burden of showing that its position was substantially justified.").

The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person" and as "more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 565–66 (1988). The Fourth Circuit has held that a position is "substantially justified" where such position has a "reasonable basis in law and fact." 515 Granby, LLC, 736 F.3d at 315 (quoting Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir.2011)). In considering the "position" of the Commissioner, the Court may look to both pre-litigation and litigation conduct. 515 Granby, LLC, 736 F.3d at 315 (noting that "courts must undertake 'a single evaluation of past conduct' that examines the 'case as

4

an inclusive whole, rather than as atomized line-items") (quoting Comm'r, INS v. Jean, 496 U.S. 154, 159 n. 7 (1990)); see also Roanoke River Basin Ass' n, 991 F.2d at 138 (4th Cir.1993) ("[I]t is clear that [through EAJA,] Congress intended to address governmental misconduct whether that conduct preceded litigation, compelling a private party to take legal action, or occurred in the context of an ongoing case through prosecution or defense of unreasonable positions."). Even "where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions on the various subsidiary disputes that may arise during litigation." Thompson v. Sullivan, 980 F.2d 280, 281–82 (4th Cir. 1992) citing Commissioner, INS v. Jean, 496 U.S. 154, 158–160, 110 S.Ct. 2316, 2318–2319, 110 L.Ed.2d 134 (1990).

Applying these standards to the instant case, the Court concludes that the position taken by the Commissioner throughout this proceeding was not substantially justified.

The Court remanded this matter, as it has many other cases, for the ALJ's failure to comply with the Commissioner's own regulations and Fourth Circuit precedent. [See Doc. 21]. While the Commissioner argued not only that the ALJ's decision was sound, but also supported by substantial

evidence, neither argument was convincing. Specifically, the Court explained

the basis for remanding this matter and rejecting the Commissioner's

arguments as follows:

> Despite finding that Dr. Duszlak's opinion was persuasive and consistent with the record, the ALJ did not include all of [the] functional limitations opined by Dr. Duszlak in the Plaintiff's RFC. For example, although Dr. Duszlak opined that the Plaintiff "would potentially have a hard time dealing with coworkers and the public," the ALJ concluded that the Plaintiff should have "no public contact" but can have "frequent contact with supervisors and coworkers." Further, the RFC does not include any limitation related to the Plaintiff's potential absence from work as a result of his paranoia and discomfort around people or the Plaintiff's decreased ability to handle stress. Significantly, the ALJ's decision fails to explain why limitations related to these aspects of Dr. Duszlak's functional assessment are not incorporated into the RFC.
>
> The Defendant argues that the ALJ properly evaluated Dr. Duszlak's opinion and that the ALJ's conclusions are supported by substantial evidence because he did not rely solely on Dr. Duszlak's opinion in formulating the Plaintiff's RFC. Instead, the Defendant asserts that "[t]he ALJ also cited, and deemed persuasive, opinion evidence from State agency consultant Mark Berkowitz, Psy.D." For instance, the ALJ cited Dr. Berkowitz's conclusion that the Plaintiff "can work in coordination with or proximity to others without being (unduly) distracted by them or exhibiting behavioral extremes and interact occasionally with the public." The Defendant also seems to imply that the ALJ relied on Dr. Berkowitz's conclusion that the Plaintiff was not significantly limited in his "ability to . . . maintain

regular attendance . . ." However, this portion of Dr. Berkowitz's opinion is not cited in the ALJ's decision. The ALJ found Dr. Berkowitz's opinion, like Dr. Duszlak's opinion, to be persuasive and consistent with the record.

This, however, begs the question. Although the ALJ cited to portions of both Dr. Duszlak and Dr. Berkowitz's opinions and found that both opinions were persuasive and consistent with the record, the ALJ failed to explain how he then reconciled this evidence to his conclusions in the RFC. Indeed, the ALJ does nothing more than recite the conclusions of Dr. Duszlak and Dr. Berkowitz.

[Id. at 11-13 (internal citations omitted)]. Consequently, the Court remanded this matter as the ALJ's decision was "sorely lacking in the analysis necessary for the Court to meaningfully review the ALJ's conclusions." [Id. at 12-13 (quoting in part Mascio v. Colvin, 780 F.3d at 636-37)].

This Court, as well as many others in this Circuit, have remanded a multitude of cases under Mascio and its progeny – *for years*. At this juncture, it is difficult to understand why the Commissioner would defend an ALJ's decision that demonstrably fails to adhere to its own regulations and well-established Fourth Circuit law. As such, the Court finds that the

Commissioner's position was not substantially justified in this matter.[2]

Accordingly, the Court concludes that, as the prevailing party, the Plaintiff is entitled to receive an award of reasonable fees and expenses under the EAJA. The Court next turns to determining the reasonableness of the Plaintiff's requested attorney's fees with respect to the hourly rate charged and the number of hours claimed.

## B. Hourly Rate

Regarding an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992).

---

[2] Notably, the Commissioner argues in the alternative that if the Court finds the Commissioner was not substantially justified, that the Plaintiff's attorney's fees should be reduced. In so arguing, the Commissioner argues that "the single issue Plaintiff raised was neither novel nor complex." [Doc. 27 at 10]. Considering this matter was indeed neither novel nor complex, it begs the question as to why the Commissioner could not have identified the significance of the ALJ's error.

The Plaintiff requests an hourly rate of $203.94 to $229.05 for services performed by his attorneys from August 2020 through November 2022. [Docs. 24-1, 25, 25-2].  The Plaintiff arrived at this rate by calculating the cost-of-living increase, as reflected by the Consumer Price Index ("CPI") for all urban consumers in the South (hereinafter "CPI-Urban-South"), between March 1996, the EAJA's most recent reenactment, and the dates of the services performed in the Plaintiff's case — August 2020 through November 2022.  [Doc. 25-1].  The Plaintiff then applied that percentage increase to the statutorily set rate of $125.00 per hour.  [Id.].  The Commissioner does not challenge the Plaintiff's hourly rate computation.  [See Doc. 27].

Therefore, the Court finds that the cost-of-living increase since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban-South is an appropriate measure by which to calculate that adjustment.  See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992) (noting "that section 2412(d)(2)(A) requires the use of a broad cost-of-living index"); Peek v. Astrue, No. 1:09cv301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that the CPI-Urban is "[c]ustomarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate).

Accordingly, the Court will apply the annual aggregated CPI-Urban-South for 2020, 2021, and 2022 to calculate the cost-of-living adjustment. During the time the Plaintiff's attorneys worked on his case, the adjusted hourly rate for the Plaintiff's legal work fluctuated from $203.94 per hour in 2020, to $214.29 per hour in 2021, and then to $229.05 per hour in 2022. [See Docs. 25 at 2, 25-1]. Accounting for this range, the Court will award the Plaintiff fees based on an average hourly rate of $203.94 per hour for work performed by counsel in 2020, an average hourly rate of $214.29 per hour for work performed by counsel in 2021, and an average hourly rate of $229.05 per hour for work performed by counsel in 2022.

## C. Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has discretion to determine what constitutes a reasonable fee award. May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

The Plaintiff's attorneys claim a total of 34.4 hours of work on this case. [Doc. 25-3]. Attorney Mary Kate McGarigal claims a total of 28.9 hours of work on the Plaintiff's case, almost all of which relates to reviewing the administrative record, preparing the summary judgment brief, and preparing the reply brief. [Doc. 25-3 at 2-4]. Attorney Howard D. Olinsky claims a total of 4.4 hours of work on the Plaintiff's case, almost all of which relates to drafting and reviewing pleadings, as well as reviewing and editing the Plaintiff's briefs. [Id.]. Attorney Russell Bowling claims a total of 1.1 hours of work on the Plaintiff's case for reviewing pleadings, communicating with the counsel for the Commissioner, as well as reviewing and editing the Plaintiff's briefs. [Id.].

The Commissioner argues that the time spent reviewing the administrative record, drafting the summary judgment brief, and drafting the reply brief is excessive and includes time for various non-compensable tasks. [Doc. 27 at 10-15].[3] The Plaintiff, on the other hand, claims that counsel's hours are reasonable and compensable. [Doc. 28]. Specifically, the Plaintiff contends that the time claimed for reviewing the administrative record is reasonable for a necessary task. [Doc. 28 at 3-6]. Furthermore, the

_____

[3] The Commissioner does not challenge awarding the 8.1 hours of paralegal services sought by the Plaintiff. [Doc. 27 at 15].

Plaintiff asserts that the hours his counsel claim for reviewing the administrative record and drafting the briefs is reasonable considering the size of the administrative record and the number of hours ordinarily compensated in social security cases heard before other courts.  [Id. at 3-8].

Upon careful review of counsel's time sheets and affidavits, the Court finds that many of the hours claimed by the Plaintiff's attorneys in litigating this matter are unreasonable because they are duplicative, excessive, and inclusive of non-compensable tasks.  See Hensley, 461 U.S. at 433-34. Accordingly, the Court will reduce the Plaintiff's hours as explained below.

First, attorney Bowling claims a total of 0.9 hours for editing and finalizing pleadings and draft briefs prepared by attorney McGarigal and attorney Olinsky.  [Doc. 25-2 at 2-5].  This time spent by attorney Bowling is in addition to the 1.0 hours attorney Olinsky already claims for, in part, editing and reviewing draft briefs prepared by attorney McGarigal. [Id.]. Further, counsel fail to adequately explain why the finalizing of drafts was undertaken by both attorney Bowling and attorney Olinksy. The Court finds this overlap to be both duplicative and excessive.  See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); Trim v. Astrue, No. 2:09cv30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (deducting the

12

time two attorneys spent reviewing summary judgment briefs drafted by another attorney). Accordingly, the Court will deduct 0.9 hours from the time claimed.[4]

Second, attorney Olinsky claims 0.5 hours for "[p]reliminary review of transcript – assign attorney writer," and 0.3 hours for "review Defendant's brief (9 pages), assign writer to assess reply." [Doc. 25-3 at 3]. This time spent by attorney Olinksy is in addition to the 2.3 hours attorney McGarigal already claims for "[r]eview CAR, briefs, draft Plaintiff's reply brief" and the 1.0 hours for "[r]eview matter to determine whether to take to federal court." [Id. at 2-3]. The Court finds the time spent by attorney Olinsky reviewing the Commissioner's response brief, reviewing the administrative record, and assigning an attorney writer already familiar with the case both duplicative and excessive. Accordingly, the Court will deduct 0.8 hours from the time claimed by attorney Olinsky .

Third, attorney McGarigal claims 2.3 hours for "[r]eview CAR, briefs, draft Plaintiff's reply brief." [Doc. 25-3 at 3]. This time spent by attorney McGarigal is in addition to the 16.7 hours she already claims for reviewing the administrative record and the 3.1 hours she claims for "[f]inish[ing] review

---

[4] As local counsel, Attorney Bowling had a responsibility to review what was filed, but Attorney Olinsky's efforts duplicated what Attorney Bowling was to undertake.

of CAR, take notes, drafting procedural section." [Id.]. Further, attorney McGarigal claims a total of 0.5 hours implementing the edits suggested by attorney Olinsky. [Doc. 25 at 3-4]. The Court finds the time spent by attorney McGarigal for reviewing the administrative record and implementing edits made by her co-counsel both duplicative and excessive. The Court would not be inclined to reduce the time spent drafting the reply brief, but instead only the time spent reviewing the administrative record. Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir.1998) (court should examine hours allotted to specific tasks).[5] Attorney McGarigal, however, fails to separate the time spent reviewing the administrative record from her time spent reviewing briefs and drafting the Plaintiff's reply brief. [See Doc. 25-3 at 3]. Since attorney McGarigal failed to separate those items, the Court will reduce the entirety of the 2.3 hours claimed for counsel's failure to properly separate these tasks. See Gibby v. Astrue, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012) ("[The] court may discount requested hours if attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks") (citing Robinson v. City of Edmond, 160 F.3d 1275,

---

[5] As the Commissioner concedes, the administrative record in this matter is relatively lengthy, totaling 1,932 pages. [See Docs. 14, 27 at 10]. Considering the large administrative record in this case, the Court is inclined only to reduce duplicitous and excessive review of the administrative record.

1281 (10th Cir. 1998)). Accordingly, the Court will deduct 2.8 hours form the time claimed by attorney McGarigal.

Therefore, the Court finds that attorney Bowling reasonably spent 1.1 hours on the Plaintiff's case, attorney Olinsky reasonably spent 2.7 hours on the case, and attorney McGarigal reasonably spent 26.1 hours on the Plaintiff's case, for a total of 29.9 compensable hours. This figure is within the standard range of compensable hours for Social Security cases in this circuit.  See Johnson v. Saul, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020) (collecting cases).

## III.    CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff $6,395.27 in attorney's fees and $648.00[6] in paralegal services, for a total of $7,043.27. The Court determined the amount of attorney's fees by multiplying the reasonable hours expended by the Plaintiff's counsel in 2020 – 2.3 hours – by the reasonable average rate for those hours – $203.94 per hour; by multiplying the reasonable hours expended by Plaintiff's counsel in 2021 – 26.8 hours – by the reasonable average rate for those hours – $214.29 per hour; and by multiplying the

---

[6] The Court reached this amount by multiplying the reasonable hours expended for paralegal services – 8.1 hours – by the Plaintiff's requested rate of $80.00, which the Court finds reasonable.

reasonable hours expended by Plaintiff's counsel in 2022 – 0.8 hours – by the reasonable average rate for those hours – $229.05 per hour. The $6,395.27 award, plus the award of $648.00 for paralegal services, is sufficient to compensate the Plaintiff's attorneys for time reasonably spent on the Plaintiff's case without creating a "'windfall[]'" for the Plaintiff's counsel. Hyatt, 315 F.3d at 254 (citation omitted) (citing Hensley, 461 U.S. at 430 n.4).

The Plaintiff requests that the EAJA award be paid directly to the Plaintiff's counsel as the Plaintiff's assignee. [Doc. 24]. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA award in favor of counsel. [Doc. 25-5 at 2]. The Commissioner should accept the Plaintiff's assignment of the awarded fees to the Plaintiff's counsel, and—upon receiving the assignment—the Commissioner shall pay the award of fees directly to the Plaintiff's counsel, provided that the Plaintiff does not owe any debts to the federal government, which are "subject to offset." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)     The Plaintiff's Motion [Doc. 24] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees and expenses in the amount of Seven Thousand and Forty-Three Dollars and Twenty-Seven Cents ($7,043.27), which sum is in full satisfaction of all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2)     Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform the Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset.  And, before any funds are disbursed to the Plaintiff's counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3)     In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4)     No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: July 11, 2023

Martin Reidinger
Chief United States District Judge

18